United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60437
_____

KENNETH R WARD

                    Petitioner

     v.

SECURITIES AND EXCHANGE COMMISSION

                    Respondent

_____

Petition for Review of an Order of the
Securities and Exchange Commission
(3-9327)
_____

Before KING, Chief Judge, DENNIS, Circuit Judge, and LYNN,[*]

District Judge.

PER CURIAM:[**]

     Petitioner Ward seeks review of the Securities and Exchange

Commission's order sanctioning him for violations of § 17(a) of

the Securities Act of 1933, 15 U.S.C. § 77q(a) (2000), § 10(b) of

the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b)

(2000)(the "Exchange Act'), and Commission Rule 10b-5, 17 C.F.R.

_____

     [*]     District Judge for the Northern District of Texas,
sitting by designation.

     [**]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

§ 240.10b-5 (2003). Ward's violations occurred in connection with sales of securities known as "inverse floaters" to League City, Texas and Bryan, Texas.

"We uphold an agency's decision unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Meadows v. SEC, 119 F.3d 1219, 1224 (5th Cir. 1997) (quoting 5 U.S.C. § 706(2)(A); Hawkins v. Agric. Mktg. Serv., 10 F.3d 1125, 1128 (5th Cir. 1993)). Section 25 of the Exchange Act, 15 U.S.C. § 78y(a)(4) (2000), and § 10 of the Administrative Procedure Act, 5 U.S.C. § 706(2)(E) (2000), mandate that the Commission's findings of fact are conclusive if supported by substantial evidence. Further, this court defines "substantial evidence" as "such relevant evidence as a reasonable mind might accept to support a conclusion," and "more than a mere scintilla and less than a preponderance." Meadows, 119 F.3d at 1224 (quoting Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995)).

The administrative law judge ruled that Ward did not contravene the anti-fraud provisions of the federal securities laws. Her decision was based on several credibility determinations. She found that Ward's testimony (that he fully disclosed the risks of the securities) was credible and that the contrary testimony of the city officials was not credible. Reviewing the ALJ's decision dismissing the proceedings against Ward, the Commission rejected the ALJ's credibility

2

determinations and found that Ward had failed to inform the city officials about the risks of investing in inverse floaters.

The Supreme Court has emphasized that "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951). In addition, when an agency "does not accept the findings of the administrative law judge, the Court of Appeals has an obligation to examine the evidence and findings of the [agency] more critically than it would if the [agency] and the ALJ were in agreement." NLRB v. Fla. Med. Ctr., Inc., 576 F.2d 666, 674 (5th Cir. 1978). "Although this heightened scrutiny does not alter the substantial evidence standard of review, it does require us to apply it with a particularly keen eye, especially when credibility determinations are in issue . . . ." Garcia v. Sec'y of Labor, 10 F.3d 276, 280 (5th Cir. 1993).

Even though the Commission reached different conclusions than the ALJ about the credibility of several witnesses, we conclude that substantial evidence supports the Commission's findings of fact. The Commission's careful and comprehensive opinion details significant documentary evidence that bolsters its credibility determinations.

Accordingly, we AFFIRM the judgment of the Securities and Exchange Commission.

3